IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC CRAFT, | ) | |
| | ) | |
|     Petitioner, | ) | Case No. 7:21-cv-00204 |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| J.C. STREEVAL, | ) | Chief United States District Judge |
| | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Eric Craft, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Craft challenges the validity of a federal sentence imposed by the United States District Court for the Middle District of Pennsylvania. Upon review of the petition and the supporting memoranda, the court concludes that Craft cannot satisfy the requirements for proceeding under § 2241. Therefore, the petition must be **DISMISSED** for lack of jurisdiction.

### I.    BACKGROUND

In 2002, Craft entered a plea of guilty to a superseding information, which charged him with causing the death of another by the use of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). See United States v. Craft, 514 F. App'x 91, 92 (3d Cir. 2013). He was subsequently sentenced to a term of imprisonment of 480 months, and the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on direct appeal. Id. (citing United States v. Craft, 139 F. App'x 372 (3d Cir. 2005)). In 2006, the Middle District of Pennsylvania denied Craft's first motion to vacate under 28 U.S.C. § 2255, and the Third Circuit declined to issue a certificate of appealability. Id. (citing United States v. Craft,

No. 07-1060 (3d Cir. July 30, 2007)). Since then, Craft has filed numerous post-conviction motions, all of which have been denied. Id.

Craft is currently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the current petition on April 9, 2021.* Craft argues that he was improperly sentenced as a career offender under the United States Sentencing Guidelines because his prior drug convictions in New Jersey no longer qualify as predicate offenses in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). See Mem. in Supp. of Pet., ECF No. 2, at 1–7; Supp'l Mem. in Supp. of Pet., ECF No. 7, at 2. Craft further argues that "a collateral attack invoking Mathis . . . facially satisfies the conditions" for proceeding under § 2241. Mem. in Supp. of Pet. at 1.

## II. DISCUSSION

Ordinarily, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018).

In Wheeler, the United States Court of Appeals for the Fourth Circuit "established a test for determining whether a challenge to a criminal sentence is cognizable by way of the

---

* This is the third § 2241 petition filed in this district. The earlier petitions were dismissed for lack of jurisdiction. See Craft v. Breckon, No. 7:19-cv-0317, 2020 U.S. Dist. LEXIS 46012 (W.D. Va. Mar. 17, 2020); Craft v. Streeval, No. 7:20-cv-00779, 2021 U.S. Dist. LEXIS 223983 (W.D. Va. Nov. 19, 2021).

savings clause." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021). The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). If any one of these requirements is not satisfied, the court lacks jurisdiction to consider a claim of sentencing error under § 2241. Id. at 425–26.

In this case, Craft fails to meet the second prong of the Wheeler test. Based on existing precedent, Craft cannot satisfy this prong by relying on the Supreme Court's decision in Mathis. The Fourth Circuit has expressly held that "Mathis did not change the settled substantive law" for purposes of Wheeler's second prong. Ham v. Breckon, 994 F.3d 682, 689 (4th Cir. 2021); see also Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law."). Instead, Mathis merely "clarified when to apply the categorical approach or the modified categorical approach" in determining the nature of a prior conviction. Muhammad, 715 F. App'x at 252; see also Ham, 994 F.3d at 684 (emphasizing that "Mathis itself made clear that it was not changing, but rather clarifying, the law"); United States v. Peppers, 899 F.3d 211, 230 (3d Cir. 2018) (noting that Mathis "instruct[s] courts on what has always been the proper interpretation of the [law]" and is "not

3

new law all"). Thus, Craft cannot rely on Mathis to satisfy the second prong of the Wheeler test.

Because Craft has not shown that "settled substantive law changed and was deemed to apply retroactively on collateral review," his petition does not satisfy all of the requirements of Wheeler. 886 F.3d at 429. Accordingly, Craft cannot challenge the legality of his sentence under § 2241.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Craft cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Craft's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: December 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.12.01 17:12:01
-05'00'

Michael F. Urbanski
Chief United States District Judge